IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:08CR371 |
| ) | |
| v. ) | |
| ) | |
| MABEL AWOUSSI, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendant's objections, Filing No. 65, to the reports and recommendation ("R&R") of the magistrate judge, Filing Nos. 61 and 64, denying the defendant's motion to suppress statements, Filing No. 34, and motion to dismiss Count IV, Filing No. 32[1]. The defendant is charged in Count I of the Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and in Count IV with knowingly and intentionally possessing with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1). Filing No. 2, Indictment.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge,* 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record, including the transcript of the hearing, Filing No. 63 ("Tr."), and the relevant law. The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this memorandum and order.

---

[1]Defendant also filed a motion to sever, Filing No. 30, and the magistrate judge has stayed this motion until May 4, 2009.

The court overrules the defendant's objections to the R&R, denies defendant's motion to suppress, denies the motion to dismiss, and adopts the report and recommendation of the magistrate judge in its entirety.

## BACKGROUND

The magistrate judge held an evidentiary hearing in this case. Roland Awoussi is the brother of defendant Mabel Awoussi and is a co-defendant in this case. On October 16, 2008, Drug Enforcement Agency ("DEA") agents arrested Roland Awoussi for drug-related charges. After the arrest, the DEA agents contacted Mabel Awoussi and told her they intended to return car keys to her. When they arrived, they asked to first enter the building and Mabel Awoussi let them inside. Two of the agents, Agent Paul Orduna and Agent Sean Smotherman, knocked on the door of her apartment. Agent Orduna explained the arrest of Roland Awoussi, that the investigators intended to return the car keys, and asked if they could enter the apartment. The agents and Mabel Awoussi spoke in English. She permitted the agents to enter the apartment. Mabel and Roland Awoussi shared the apartment. Agent Orduna asked if he could check to make sure no other people were in the apartment and Mabel Awoussi agreed. Three or four other agents then entered the apartment and conducted the sweep with their weapons drawn. They thereafter holstered their weapons. Agent Orduna asked Mabel Aswoussi if they could search her apartment for drugs and other contraband, and she orally agreed. She then reviewed the consent form and signed it.

During the search, Agent Smotherman asked Mabel Awoussi about her relationship with Roland Awoussi concerning some financial matters. Mabel Awoussi answered that her brother sent her money to pay the bills and credit cards, as he apparently could not

have credit in his name. The government claims that at no time did they restrain Mabel Awoussi, threaten her, make any promises, or restrict her freedom. Agent Auten found 1,150 grams of cocaine in the bathroom. When asked, Mabel Awoussi denied any knowledge regarding the cocaine. Thereafter, the officers found a safe in the laundry area. When asked, Mabel Awoussi indicated that the safe belonged to her, that the safe was empty, and that she lost the key a year ago. The agents then told her they would take the safe elsewhere to open it. The agents contend that Mabel Awoussi asked if they really needed to take the safe elsewhere and she also stated that she would rather they not take the safe as the safe was empty, valuable, and she did not want it damaged. However, Mabel Awoussi argues in her brief that she told them not to take the safe. Agents Orduna, Smotherman and Auten said they never heard her say they could not take or open the safe, and when Agent Auten told her they would return the safe, she said okay. Mabel Awoussi's primary concern, according to the officers, was that her safe not be damaged. The agents took the safe and exited the premises.

At the Omaha DEA office the agents pried open the safe and found 61 pellets of cocaine. Because Mabel Awoussi said she owned the safe, the agents returned to her house and arrested her. No interview occurred after the arrest.

Mabel Awoussi argues that she lived in Togo, Africa, from 1974 until 2000 when she moved to the United States. Mabel Awoussi believed that law enforcement officers in Togo would beat anyone who refused to permit entry and search of the premisses. Although she agrees she consented to the search, Mabel Awoussi said she felt compelled to say yes and to answer questions posed by the agents.

## MOTION TO DISMISS

Defendant contends that the charges in counts I and IV are duplicitous and violate the Double Jeopardy clause of the United States Constitution. The magistrate judge stated:

> Mabel Awoussi's assertion that Count IV of the Indictment is multiplicitous with Count I of the Indictment is without merit. "It is well established that '[t]he commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes.'" *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir. 1986) (*quoting United States v. Shigemura*, 682 F.2d 699, 705 n.11 (8th Cir. 1982)); *see Pinkerton v. United States*, 328 U.S. 640 (1946). Indeed "[i]t is permissible and also customary to join a conspiracy count with separate substantive counts."*United States v. Graham*, 548 F.2d 1302, 1310 (8th Cir. 1977); *see also United States v. Zackery*, 494 F.3d 644, 647 (8th Cir. 2007).

Filing No. 61 at 2-3. This court concurs with the analysis of the magistrate judge and adopts the report and recommendation, Filing No. 61, in its entirety.

## MOTION TO SUPPRESS

### a. Access to the apartment

The magistrate judge concluded that the agents knocked on Mabel Awoussi's door and received permission to enter both the building and the apartment. The court agrees with the magistrate judge that the agents acted reasonably and received the consent of Mabel Awoussi. *United States v. Adams*, 346 F.3d 1165, 1170-71 (8th Cir. 2003) (officers may obtain consent for a warrantless search if there exists common authority or other sufficient relationship to the premises). Accordingly, the findings of the magistrate judge are adopted in this regard.

### b. The search

The magistrate judge found, and this court agrees, that Mabel Awoussi consented to the search of the apartment. The only issue is whether she withdrew her consent to

4

search the safe.  The magistrate judge credited Mabel Awoussi's testimony that she did not want her safe damaged.  After hearing the testimony, the magistrate judge determined that at no time did Mabel Awoussi revoke her consent for the search, even with regard to the safe.  The magistrate judge found the agents credible in this regard.  After a review of the transcript, the court agrees.  Awoussi's consent extended to a search of the safe.

The only troubling aspect is Ex. 102, ¶ 6, Filing No. 58, Report of Investigation.  In that report, paragraph five states:  "According to Mable [sic] AWOUSSI, the safe was empty and asked agents several times not to take the safe as evidence during the search.  AWOUSSI also asked agents not to damage the safe and if it did not open to leave it locked."  Filing No. 58, Ex. 102 at ¶ 5.  Mabel Awoussi argues now that she did not consent to the search of the safe and asked that it not be taken.  However, the testimony of Investigator Orduna is that he never heard Mabel Awoussi tell them to not open the safe or not to take the safe.  Her primary concern revolved around damage to the safe.  Tr. at 24.  Investigator Smotherman authored Ex. 102.  He testified that to the extent that Ex. 102 reads that Mabel Awoussi said they could not seize or take the safe, the exhibit is poorly worded.  Tr. at 68-72.  He also testified that Mabel Awoussi was most concerned with breaking the safe, and she made a statement that she would rather they not take it since there was nothing in it.  Tr. at 56.  Investigator Smotherman stated that at that time Mabel Awoussi was not a target of the investigation and that they had no knowledge at that point that anything was in the safe.  Agent Quinn Auten testified the only concern Mabel Awoussi expressed pertained to damage to the safe, and she actually told him "okay" when he said they were going to take the safe.  Tr. at 99-100.  Mabel Awoussi testified at the hearing

5

that she did not tell the officers they could not look at the safe, just that they could not break it. Tr. at 132. Mabel Awoussi stated:

> Q. Okay. You simply told them, "Please don't break it"?
>
> A. Yes.
>
> Q. And they explained to you, "Well, we're going to take it"?
>
> A. Yeah. They say they have to take it anyway.
>
> Q. Because they found other drugs in the apartment?
>
> A. Yes.
>
> Q. But at that time you never told them, "Hey, I don't want you to look inside of it"?
>
> A. No, no.
>
> Q. Okay. And they explained to you that they were going to take it and open it?
>
> A. Yes.
>
> Q. And that they would be careful and try not to break it?
>
> A. Yes. They told me they're not going to break it.
>
> Q. They told you they would not break it?
>
> A. Uh-huh. Yes.
>
> Q. And you said okay?
>
> A. Yes.
>
> Q. So you allowed them to leave with your safe?
>
> A. I let them take it.
>
> Q. You let them take it just like you let them come in?

>   A. Yes.

Tr. at 132:1-22. Based on the testimony taken as a whole, the court finds the magistrate judge is correct in concluding that the consent to search extended to the search of the safe. Mabel Awoussi did not specifically withdraw her consent to search the safe. *See United States v. Sanders,* 424 F.3d 768, 774 (8th Cir. 2005) (withdrawal of consent must be unequivocal by an act or statement). The court finds the government met its burden of showing voluntary consent by a preponderance of the evidence. *United States v. Esquivel,* 507 F.3d 1154, 1159-60 (8th Cir. 2007).

>   *c. Statements*

Mabel Aswoussi next argues that the statements she made to the agents during the search should be suppressed. The magistrate judge determined that Mabel Awoussi was not both in custody and interrogated during the search. Mabel Awoussi disagrees and says she did not feel free to leave during the search and the agents interrogated her. The court agrees with the magistrate judge that the agents did ask questions, and at least one of the answers did incriminate Mabel Awoussi where she indicated ownership of the safe.

The court agrees that the agents did in fact interrogate Mabel Awoussi during the search. With regard to the issue of custody, Mabel Awoussi argues that multiple law enforcement officers were in her apartment, and that based on her experiences in Togo, Africa, she did not feel free to leave. However, there is no evidence in this record that the agents used any force, intimidation, or coercion. In addition, the questions asked came primarily from one agent while he and Mabel Awoussi were seated at the table. Mabel Awoussi agrees that the officers were polite and did not intimidate her, and she could freely move around her house. The court finds that the magistrate judge correctly evaluated the

factors, including those set forth in *United States v. Ollie*, 442 F.3d 1135, 1137 (8th Cir. 2006) and in *United States. v. Comstock*, 531 F.3d 667, 676-77 (8th Cir. 2008), and determined that this search did not turn into a custodial one. Accordingly, Mabel Awoussi was not entitled to receive *Miranda* rights during the questioning. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 32, is denied;

2. The report and recommendation of the magistrate judge, Filing No. 61, is adopted in its entirety;

3. Defendant's motion to suppress, Filing No. 34, is denied; and

4. The report and recommendation of the magistrate judge, Filing No. 64, is adopted in its entirety.

DATED this 11th day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge